**Wesley B. VAN DINE, Plaintiff,**

v.

**ROBERT BOSCH CORPORATION, Defendant.**

**No. 3–96–CV–1734(WWE).**

United States District Court, D. Connecticut.

Aug. 20, 1999.

Walter J. Sidor, Jr., Hartford, CT, for Plaintiff.

Donn A. Swift, John Michael Walsh, Jr., Lynch, Traub, Keefe & Errante, New Haven, CT, Frederick A. Stuart, Robert Bosch Corp. Legal Dept., Broadview, IL, for Defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Wesley Van Dine, alleges that defendant, Robert Bosch Corporation ("Bosch"), violated the Age Discrimination in Employment Act ("ADEA").

The defendant has moved for summary judgment as a matter of law. For the following reasons, defendant's motion will be granted.

## BACKGROUND

Plaintiff and defendant have submitted statements of facts supported by affidavits and exhibits. These submissions reveal the following undisputed facts.

Plaintiff was formerly a District Service Manager in Bosch's Field Service Department, which department serves independent automotive or diesel repair shops authorized to service Bosch components. At the time of plaintiff's employment, District Service Managers worked with automotive repair shops, and Diesel Service Technicians worked with diesel repair shops.

The District Service Manager and Diesel Service Technician positions required different areas of expertise. Diesel Service Technicians were required to be proficient in diesel fuel injection systems, diesel inline injection pumps, governors, and electronics for heavy-duty diesel vehicles such as large trucks and tractors. District Service Managers were required to have knowledge of passenger vehicle ignition systems, passenger vehicle electronics, and gasoline fuel injection systems.

Since plaintiff was a District Service Manager, he worked primarily with automotive components and had not, for at least the last 13 years of his career with Bosch, participated in any of Bosch's formal diesel training programs.

Performance evaluations from 1990 to 1993 reveal that plaintiff consistently met Bosch's standards but was not often rated above that standard.

In 1994, Bosch reduced its financial allocation to the Field Service Department, which necessitated a reduction in force ("RIF"). Albert Krenz, the Service Department Manager, decided to reduce the Field Service Department staff by eliminating two of the five District Service Managers and two of the three Diesel Service Technicians. To determine which employees would be terminated, Bosch used an age-neutral performance matrix.

In February, 1994, Krenz and John Roberson, the Field Service Manager, each completed the performance matrix for the District Service Manager and Diesel Service Technician positions. Krenz's and Roberson's performance matrix evaluations each rated three of the District Ser-

vice Managers above the plaintiff and Roger Canamar, another District Service Manager, who was then 38 years old. Krenz and Roberson also rated Willie Champion, who was then age 54 years, highest among the three Diesel Service Technicians. Therefore, on February 28, 1994, Bosch terminated the positions of plaintiff, Canamar and the two Diesel Service Technicians who had been rated below Champion. On the date of his termination, plaintiff was 57 years old.

After the RIF, Roberson and Krenz decided that the remaining District Service Managers would assume responsibilities to support the diesel repair shops, and that Champion, the remaining Diesel Shop Technician, would assume responsibilities to support the automotive repair shops. Champion conducted extensive training sessions with the District Service Managers on issues of diesel repair. However, since Champion already had a background in automotive repair, he did not require further training.

At present, the four remaining service representatives have the job title of District Service Manager, but they perform both automotive and diesel duties with a designated territory. Champion is responsible for territory that was formerly designated to the plaintiff.

## DISCUSSION

### A. Standard of Review

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir.), *cert. denied*, 502 U.S. 849, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp.*, 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 323, 106 S.Ct. 2548. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505.

### B. Age Discrimination

Plaintiff alleges disparate treatment in violation of the ADEA because a younger, lower-paid Bosch employee became the District Service Manager for his former territory after his termination.

■ The Court must analyze this disparate treatment claim according to the burden shifting process established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252–56, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). It is well settled that to establish a prima facie claim of discrimination, the plaintiff must demonstrate that (1) he belongs to a protected class; (2) he was performing his or her duties satisfactorily; (3) he suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Although the plaintiff's initial burden is not onerous, he must show that his termination was not made for legitimate reasons. *Thomas v. St. Francis Hospital and Medical Center*, 990 F.Supp. 81, 86 (D.Conn.1998).

If the plaintiff establishes a prima facie case, the defendant must articulate a legitimate, non-discriminatory business reason for the alleged discriminatory action. The plaintiff must then prove by a preponderance of the evidence that the supposed legitimate reason is actually a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). An employer's reason for termination cannot be proved to be a pretext for discrimination unless it is shown to be false and that discrimination was the real reason. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995).

In this instance, plaintiff has satisfied the prima facie case. He was within the protected class, was performing his job satisfactorily, suffered an adverse employment action, and the fact that a younger employee replaced plaintiff after the RIF is sufficient to raise the inference of age discrimination.

Bosch has proffered the necessity of the RIF as its legitimate business reason for plaintiff's termination. After review, the Court finds that plaintiff has not demonstrated that Bosch's proffered reason is pretextual for age discrimination.

In a RIF case, the fact that an older employee was replaced by a younger employee does not show that an employer's proffered reason for termination is unworthy of credence. *Tighe v. All Brand Importers*, 814 F.Supp. 237, 241 (D.Conn. 1992). Therefore, plaintiff cannot establish that age was the reason for his termination based on the fact that Champion, who is younger than plaintiff, became the District Manager for his former territory. The age difference between Champion and the plaintiff is only three years, which constitutes "very thin" evidence of age discrimination. *See O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312–13, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996)(the replacement of one worker with another worker insignificantly younger may not be evidence adequate to draw an inference of age discrimination).

Plaintiff submits that Bosch's proffered business reason should be deemed pretextual because Champion's performance was not superior to his. However, plaintiff has adduced no evidence that he outperformed Champion. *See Brown v. M & M/Mars*, 883 F.2d 505 (7th Cir.1989)(evidence that plaintiff was the oldest employee and outperformed his younger counterparts was sufficient to support a jury finding that defendant's reasons for firing were pretextual). In fact, the evidence reveals that Champion rated an overall "above standard" on his 1993 job performance evaluation, while plaintiff rated an overall "met standard" on his 1993 performance evaluation.

Even if no significant discrepancy between the employees existed, it is an employer's business decision to choose from among several qualified candidates. *Donaldson v. Merrill Lynch & Co.*, 794 F.Supp. 498, 506 (S.D.N.Y.1992). The Court will not evaluate business decisions or question a corporation's means to achieve a legitimate goal. *Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1115 (2d Cir.1988). Summary judgment will enter in defendant's favor.

### CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment [doc. # 28] is GRANTED. Plaintiff's Motion for Order Denying Summary Judgment [doc. # 30] is DENIED. The clerk is instructed to close this case.

SO ORDERED.